## Huddleston et al. v. Disney.

February 18, 1947.
Rehearing denied March 28, 1947.

James S. Forester, Judge.

James Sampson and Sampson & Sampson for appellant.
Edward L. Morgan for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On February 5, 1944, W. O. Huddleston entered into the following contract with Sam Collins for the sale of a concrete block building, adjoining the Black Motor Company property on the north side of Main Street in Cumberland, Kentucky:

"Whitesburg, Ky., Feb. 5, 1944. I hereby authorize and employ Sam Collins, Whitesburg, Ky., sole Agent to sell or trade the following described property at a price of $6500.00, and I hereby guarantee a marketable title and will convey said property by deed of General Warranty.

"In consideration of the efforts of said Sam Collins to secure a purchaser I agree to pay to him a commission of 5% of the amount for which this property may be sold or that he shall have the exclusive right to sell or exchange said property for a period of twelve months from date, and he shall be entitled to his commission if the property is sold by him or the undersigned or any other person at a price acceptable to the undersigned during the existence of this contract.

"The property listed is described as follows:

"Located in Cumberland in Harlan Co., Ky., and being a concrete block building on N. side of Main St. adjoining Black Motor Co. property and John Botnic.

"(Signed) W. O. Huddleston, owner."

Collins procured as a purchaser for the property D. H. Disney of Harlan County, Kentucky, and entered into the following agreement with him:

"This writing is to evidence the fact that on the 11th day of January, 1945, said Sam Collins sold to D. H. Disney the property located on the North side of Main Street in Cumberland, Kentucky, being a concrete block building adjoining the property of Black Motor Company, in Cumberland, Kentucky, belonging to W. O. Huddleston, and on said date, while the said Sam Collins was under contract with said W. O. Huddleston to sell this property for $6500.00 he did on that date sell same to D. H. Disney for the sum of $6500.00 of which $500.00 was at that time paid to the said Sam Collins and the sale completed in so far as said Sam Collins was concerned, and the said D. H. Disney is to pay the balance,

to-wit: $6,000.00 to the said Sam Collins when he can produce to said D. H. Disney a general warranty deed to said property; and this writing is for that purpose to show that the sale was completed on said date, and the said Sam Collins is to produce the deed just as soon as the arrangements can be worked out to produce the deed.

"Witness our hands this January 11, 1945.

"(Signed) Sam Collins, agent for W. O.

Huddleston
D. H. Disney."

The defendant, Huddleston, had been conveyed this property by an unrecorded deed from R. L. Parrott, but at all times during the pendency of this action was the owner of the property, and Huddleston refused to make a conveyance of this property to D. H. Disney, plaintiff below.

This action, seeking specific performance of the contract for the sale of real property in Cumberland, Kentucky, was instituted in the Harlan Circuit Court. Upon final hearing of the case judgment was entered decreeing specific performance of the contract. From this judgment the defendant, W. O. Huddleston, has appealed.

The sole question raised on this appeal is whether the appellant, by entering into the contract, supra, with the real estate agent, gave the agent authority to execute a contract of sale for the real estate here involved.

The contract between appellant and Collins made Collins "sole agent to sell or trade." In the case of Speiss v. Martin, 192 Ky. 211, 232 S. W. 615, 616, this Court said: "A real estate broker is ordinarily an agent of limited authority and is strictly confined to his instructions. However, he has implied authority to do any act or to make any declaration in regard to property necessary to effectuate a purchase or sale, or that which is usually incidental thereto; but in the absence of a special authorization such broker has no power to enter into a contract for the purchase or sale of land so as to bind his principal."

The rule laid down above is in conformity with the rule laid down in the majority of jurisdictions. 48 A. L. R. 635; 8 Am. Jur. 1019, sec. 62.

The appellant, in executing the contract with Collins, agreed to "guarantee a marketable title and will convey said property by deed of general warranty." These words could not be construed to mean that Collins had authority to convey the premises (Restatement of Agency, sec. 53) but only that he was authorized to find a purchaser and, if that purchaser was satisfactory to the appellant, the appellant would then guarantee a marketable title and convey the property by general warranty deed. This view is further strengthened by the wording of the contract between the appellant and Collins, whereby it is said, "In consideration of the efforts of the said Sam Collins to secure a purchaser I agree to pay to him a commission of 5% of the amount for which this property may be sold * * *."

Under the wording of the contract between the appellant and Collins, the latter was given authority to "sell or trade." The use of the word "trade" shows clearly that the owner did not mean to give the agent authority to enter into a contract to sell or trade. Certainly if the agent had found a trade the owner would not have been agreeable to a trade with just any property, without first having seen the property and consented thereto.

In this case the appellant did not see fit to sell the property to appellee after Collins had produced Disney as the purchaser and under the law of this case, as we have found it, the Court below erred in decreeing specific performance of the contract. Therefore the judgment is reversed, with directions to enter a judgment not inconsistent with this opinion.